

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00049-CR

RICKY SHELTON FONTENOT, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 16-2839, Honorable Reed Filley, Presiding

July 29, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ricky Shelton Fontenot, Jr.,[1] was charged with aggravated assault with a deadly weapon, a second-degree felony.[2]  Appellant pleaded guilty to the charge on September 13, 2016.  The trial court deferred adjudication and placed appellant on community supervision for a term of ten years.

---

[1] We note that the judgment identifies appellant as "Ricky Jr Fontenot."  However, the record indicates that appellant's name is Ricky Shelton Fontenot, Jr.

[2] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

On November 18, 2021, the State filed its second amended application to adjudicate appellant's guilt, alleging that appellant had committed multiple violations of the conditions of his community supervision. At the hearing on the motion, appellant pleaded "true" to some, but not all, of the State's allegations. The trial court found appellant had violated conditions of his community supervision and adjudicated his guilt. The trial court then sentenced appellant to fifteen years' confinement in the Texas Department of Criminal Justice. Appellant brought this appeal.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[3] brief. We grant counsel's motion and affirm the judgment of the trial court. Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[4] The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.